OPINION OF THE COURT
Arthur M. Cromarty, J.
Motion by Ernest Grandinetti for permission to file a late *715 notice of claim in this condemnation proceeding is denied with leave to renew.
In October 1985 the Metropolitan Transportation Authority (MTA) commenced a proceeding pursuant to EDPL 402 to acquire two vacant parcels of real estate located in the Wyandanch section of the Town of Babylon, Suffolk County, and owned by claimant. After due notice was given to claimant pursuant to EDPL 402 (B) (5) on October 25, 1985, this court issued an order vesting the real property interest in the two parcels in the MTA and giving claimant until January 31, 1986 to file a written claim, demand or notice of appearance with the MTA’s general counsel and the Clerk of the County of Suffolk. Pursuant to EDPL 502 (B), on November 18, 1985, notice of acquisition was given to claimant by personal service upon claimant. In addition, MTA mailed claimant said notice by certified mail return receipt requested. The receipt, signed by claimant, is attached to the responding papers.
Claimant, having missed the court-imposed deadline of January 31, 1986, now seeks to file a late notice of claim asserting that counsel had been in contact with the MTA during the period July 1985 through July 1986; counsel, not claimant, should have been served with the notice of acquisition; and that the 70 days in which to file a notice of claim was too short and violated the claimant’s constitutional right to due process.
The court rejects claimant’s arguments and notes that neither statute nor case law supports his position. The court further notes that claimant admits he timely received the required notification, but gives no reason for his failure to file a timely notice of claim. Nor has claimant given any reasonable excuse for his failure to move promptly.
Where an agency such as the MTA acquires property by eminent domain, strict notice requirements are imposed by the EDPL. The purpose of the strict notice requirements is to assure that the owner of the property receives actual notice that his property has been acquired and to give notification that there is a deadline for filing a claim for compensation. In this instance, the MTA complied with the statutory notice requirements and, in addition, gave claimant additional notification. Claimant does not deny that he received each notification. However, claimant’s counsel contends he should have received notification as well. No such requirement exists. (See, Matter of Huie [Furman], 22 AD2d 984, affd 20 NY2d 568, *716 remittur amended 21 NY2d 1036.) Counsel neither appeared for claimant as attorney of record in the EDPL 402 proceeding nor did he subsequently file a notice of appearance. Thus, the MTA was under no obligation to serve him. (Matter of Bianca v Frank, 43 NY2d 168.)
Petitioner’s late reply papers received by the court on September 16, 1986 were not considered.