■ ERNEST GRANDINETTI, Respondent, v METROPOLITAN TRANSPORTATION AUTHORITY, Appellant.—In a condemnation proceeding pursuant to EDPL 402, the defendant condemnor appeals from an order of the Supreme Court, Suffolk County (Cromarty, J.), dated December 11, 1986, which, upon reargument, granted the claimant condemnee's motion for leave to file a late notice of claim.

Ordered that the order is reversed, on the law and as a matter of discretion, without costs or disbursement, and the motion is denied.

By letter dated April 19, 1985, the claimant was offered the sum of $23,250 by the Metropolitan Transportation Authority (hereinafter the MTA) for the acquisition of a 20,000-square-foot parcel of land in Wyandanch which was needed for the purpose of improving the Long Island Rail Road. In response, the claimant's counsel requested that the MTA process the offer as an advance payment. Accordingly, the MTA forwarded to counsel an advance payment agreement along with a request that it be executed and returned by August 12, 1985. The agreement unequivocally provided that the claimant rejected the offer of $23,250 as payment in full and instead elected to accept the same as an advance payment pursuant to EDPL 304 (A) (3). Additionally, the MTA supplied the claimant with a form for the designation of his counsel as agent for the service of process. The agreement was not executed by the claimant.

By follow-up letter dated October 23, 1985, the MTA informed the claimant's counsel that the advance payment offer would be deemed rejected if not accepted by October 25, 1985. Prior thereto, the MTA commenced the underlying proceeding pursuant to EDPL 402 (B) to acquire title to the subject property. The claimant failed to appear in that proceeding. A vesting order was entered in the Supreme Court, Suffolk County (Tanenbaum, J.), on October 25, 1985. The order

directed the MTA to file a map of the subject real property and provided that title would vest in the MTA upon that filing. The court therein set a deadline of January 31, 1986, for the claimant or his counsel to file a written claim, demand for additional reimbursement or notice of appearance with the MTA's General Counsel and the Clerk of the County of Suffolk.

On November 15, 1985, the claimant was personally served with a notice of acquisition and he subsequently received an additional copy via certified mail, return receipt requested. The notice apprised the claimant of the fact that title had vested and that any claim for additional compensation pursuant to EDPL 502 would have to be filed on or before January 31, 1986.

By the claimant's own admission, he turned over to his counsel all pertinent papers received from the MTA on or about December 16, 1985, and duly retained counsel's legal services at that time. Shortly thereafter, counsel contacted the MTA with respect to processing his client's advance payment agreement. By letter dated February 19, 1986, counsel requested a copy of the MTA's abstract of title. The next communication from counsel was a letter dated July 18, 1986, in which he made inquiry regarding when the MTA expected to secure vested title to the subject property. The MTA thereafter informed counsel that it had acquired title to the property on November 12, 1985, and that the notice of acquisition had thereafter been duly served upon the claimant.

Counsel first moved for leave to file a late notice of claim to recover additional compensation in August 1986. Notwithstanding the fact that the claimant was afforded adequate notice of the condemnation proceeding, of his right to enter into an advance payment agreement without prejudice to the subsequent commencement of an action to recover additional damages, and of the time limitation established by the court for the presentation of a notice of claim, he inexcusably failed to take any action until nearly seven months after the expiration of the applicable time period.

By order of October 2, 1986, the court (Cromarty, J.) denied the claimant's application on the ground that he had failed to give any reasonable excuse for his failure to move promptly (*Grandinetti v Metropolitan Transp. Auth.*, 133 Misc 2d 714). Upon reargument, however, leave to file a late notice of claim was granted.

The record reveals that the MTA complied with the statu-

tory notice requirements in all pertinent respects. The claimant did not controvert his timely receipt of the MTA's notification. Nor was any reasonable excuse proffered for the claimant's failure to file a timely notice of claim or for his failure to promptly move to file a late notice. Moreover, the claimant failed to submit an affidavit of merit regarding his claim for additional compensation or to serve the MTA with a copy of his purported preliminary appraisal. Despite the fact that on or about December 16, 1985, the claimant surrendered to his counsel all pertinent papers served upon him by the MTA, counsel claimed to have been unaware that title had vested in the MTA on November 12, 1985, and that the court had fixed a deadline of January 31, 1986, within which to file a notice of claim. Those facts were readily ascertainable from the notice of acquisition, which had been served on two occasions upon the claimant and which contained a general description of the subject parcel, the date on which the acquisition map was filed and title vested in the MTA, a copy of the acquisition map and notice that a claim for additional damages must be filed with the MTA and the County Clerk of Suffolk County on or before January 31, 1986.

Timely service of the notice of acquisition afforded the claimant proper notice of his right to file a claim for additional compensation and his failure to do so within the applicable time period constituted a waiver of that right (EDPL 503 [B]). While a court may extend the time fixed by a statute for performing certain procedural requirements, it does not have the power to create substantive rights by extending a "time limited by law for the commencement of an action" (CPLR 201; *see also, Matter of Carassavas v New York State Dept. of Social Servs.*, 90 AD2d 630; *Matter of Powers v Foley*, 25 AD2d 525).

In view of the MTA's compliance with all pertinent stages of the EDPL procedure in a reasonable and expeditious manner and the claimant's inexcusable neglect, the motion for leave to file a late notice of claim was improperly granted. Mollen, P. J., Thompson, Lawrence and Weinstein, JJ., concur.