*787 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Under EDPL 503 (B), a claim required to be made in the Supreme Court (see, EDPL 501 [B]) for damages arising out of the condemnation of real property must be interposed by filing a written claim, demand or notice of appearance "within the time specified by the court.” Contrary to the conclusion of the Appellate Division (139 AD2d 619, 621), the time specified by the court pursuant to this provision is not a Statute of Limitations. Nor is it a condition precedent compliance with which is ordinarily deemed a necessary element of the claim. Statutes of Limitations and conditions precedent are, in most instances, specific legislatively prescribed restrictions on a party’s ability to recover on a claim. A time period that is variable and involves a discretionary judicial weighing of a number of pertinent factors on a case-by-case basis does not fall within this category. Instead, the filing deadline contemplated by EDPL 503 (B) is merely a procedural direction to be issued by the court in the exercise of its broad discretion to administer the litigation in an orderly and expeditious manner. As such, the court may extend the time fixed by its own prior order "upon such terms as may be just and upon good cause shown” (CPLR 2004).
In this case, no error of law resulted from the Appellate Division’s conclusion that an extension was unwarranted. As that court noted, claimant furnished neither an affidavit of merits nor a reasonable excuse for his failure to meet the filing deadline that was initially fixed by the court. Under these circumstances, the denial of an extension of the time for filing was not an abuse of discretion.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.