■ METROPOLITAN TRANSPORTATION AUTHORITY, Appellant, v JOHN PIZZUTI, Respondent.—In a condemnation proceeding pursuant to EDPL article 5, the petitioner-condemnor appeals (1) from an order of the Supreme Court, Nassau County (McGinity, J.), dated March 8, 1988, which granted the respondent-condemnee's motion for leave to file a late notice of claim for additional compensation, and (2) as limited by its brief, from so much of an order of the same court, dated July 20, 1989, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated March 8, 1988, is dismissed, without costs or disbursements, as that order was superseded by the order dated July 20, 1989, made upon reargument; and it is further,

Ordered that the order dated July 20, 1989, is reversed insofar as appealed from, as a matter of discretion, without costs or disbursements, the order dated March 8, 1988, is vacated, and the motion for leave to file a late notice of claim is denied.

As the Supreme Court correctly noted, the letter sent by the condemnee's attorney to the condemnor on or about June 18, 1986, was insufficient to constitute a notice of appearance as provided for in EDPL 504. Additionally, there is no indication in the record that this letter was timely filed with the clerk of the court (see, EDPL 503 [B]). Thus, the leave of the court was required in order for the condemnee to assert his untimely claim for additional compensation (see, EDPL 503 [B]). While the Supreme Court possessed the discretion to grant such an application (see, Grandinetti v Metropolitan Transp. Auth., 74 NY2d 785), based upon the record before us, we conclude that the court improvidently exercised that discretion. The condemnee furnished neither an affidavit of merit nor a reasonable excuse for his more than one-year delay in filing his notice of claim (see, Grandinetti v Metropolitan Transp. Auth., 139 AD2d 619, affd 74 NY2d 785, supra). Brown, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.