■ SAMUEL NIKITA et al., Appellants, v JOHN N. PARFOMAK et al., Respondents. [841 NYS2d 635]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kurtz, J.), dated September 28, 2006, as granted that branch of the defendants' motion which was, in effect, for leave to reargue that branch of the plaintiffs' prior motion which was for leave to enter a judgment against the defendant Kyonk Parfomak, upon his failure to appear or answer, which had been granted in an order dated August 11, 2006, and upon reargu-

ment, in effect, vacated the order dated August 11, 2006, denied that branch of the plaintiffs' motion which was for leave to enter a default judgment against the defendant Kyonk Parfomak, and deemed the answer of the defendant Kyonk Parfomak timely served.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted that branch of the defendants' motion which was, in effect, for leave to reargue (see CPLR 2221 [d]) and, upon reargument, properly, in effect, denied that branch of the plaintiffs' prior motion which was for leave to enter a default judgment against the defendant Kyonk Parfomak and in deeming his answer timely served. The defendant Kyonk Parfomak's delay in answering was properly excused given the brief and nondeliberate delay, the lack of prejudice to the plaintiffs, the existence of potentially meritorious defenses, and the policy favoring the resolution of cases on their merits (see CPLR 2004; Stuart v Kushner, 39 AD3d 535 [2007]; Schonfeld v Blue & White Food Prods. Corp., 29 AD3d 673 [2006]; Yonkers Rib House, Inc. v 1789 Cent. Park Corp., 19 AD3d 687 [2005]). Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.