■ DAVID J. BARNES, Respondent-Appellant, v RICHARD L. PAULIN et al., Appellants-Respondents. [900 NYS2d 886]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Dutchess County (Dolan, J.), dated May 18, 2009, as, upon a jury verdict, and upon the denial of their motion pursuant to CPLR 4404 to set aside the verdict on the issue of damages for future pain and suffering as contrary to the weight of the evidence and for a new trial, is in favor of the plaintiff and against them in the principal sum of $100,000, and the plaintiff cross-appeals, as limited by his brief, from so much of the same judgment as, upon so much of an order of the same court dated August 8, 2007, as denied that branch of his motion in limine which was to preclude the testimony of the defendants' expert witness, and upon a jury verdict finding that he sustained damages in the principal sums of $100,000 for past pain and suffering and $100,000 for future pain and suffering, and deducting $100,000 based on his "failure to use a functioning seat belt that was available to him," is in his favor and against the defendants in the principal sum of only $100,000.

Ordered that the judgment is affirmed, without costs or disbursements.

The defendants failed to carry their burden of demonstrating that the evidence at trial on the issue of future pain and suffering so preponderated in their favor that the verdict in favor of the plaintiff could not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Zito v City of New York*, 49 AD3d 872, 874 [2008]).

Contrary to the plaintiff's contention, the trial court properly permitted the defendants' expert witness to testify as to the causal connection between the plaintiff's nonuse of an available seat belt and the injuries and damages sustained (*see Spier v Barker*, 35 NY2d 444, 449-450 [1974]). While the failure to use an available seat belt is an affirmative defense that must be

properly pleaded and proved by a defendant (*see* Vehicle and Traffic Law § 1229-c [8]), "in the absence of proof to the contrary, it should be presumed that all of the seat belts with which a vehicle has been equipped are both operable and available" (*DiMauro v Metropolitan Suburban Bus Auth.*, 105 AD2d 236, 244 [1984]; *see Carpenter v County of Essex*, 67 AD3d 1106, 1108 [2009]; *Karczmit v State of New York*, 155 Misc 2d 486, 491 [1992]).

The parties' remaining contentions are without merit. Mastro, J.P., Miller, Leventhal and Belen, JJ., concur.