■ In the Matter of COUNTY OF ORANGE, Appellant-Respondent, v MONROE BAKERTOWN ROAD REALTY, INC., Respondent, and VILLAGE OF KIRYAS JOEL, Intervenor-Respondent-Appellant. [936 NYS2d 288]—

In or around 1999, the Village of Kiryas Joel and the County of Orange recognized that certain safety improvements needed to be made at the intersection of County Road 105 and Bakertown Road in the Village. Monroe Bakertown Road Realty, Inc. (hereinafter Monroe Bakertown), owned approximately 70.5 acres of land near that intersection and the Village and the County determined that, in order to make the requisite improvements, it would be necessary to acquire an approximately 1.5 acre portion of that property by eminent domain. The Village contacted Monroe Bakertown concerning the property and notified its representatives, in writing, that it was willing to enter into an agreement guaranteeing Monroe Bakertown the right to develop the approximately 69 acres of property that would remain after the proposed taking with the same number of dwelling units that it would have been permitted to build on the entire approximately 70.5 acres.

On October 3, 2002, the Village and the County entered into an "intermunicipal agreement" which set forth their obligations concerning the acquisition of the approximately 1.5 acre parcel and the costs associated with the necessary improvements. Over two years later, on February 3, 2005, the County and the Village signed an amended "inter municipal agreement"

that amended the intermunicipal agreement dated October 3, 2002. Among other things, the February 3, 2005, agreement required the County to obtain the property by eminent domain "exclusive of development rights" and required the Village to compensate the County for all costs and expenses associated with the acquisition of the "open space parcel." Monroe Bakertown was not a party to either agreement. Moreover, although the Village, in writing, reiterated its offer to permit Monroe Bakertown to develop the retained portion of the property as fully as it would have been permitted to develop the whole property, Monroe Bakertown never countersigned the written proposal.

The County commenced the process of acquiring the subject property by eminent domain in August 2005. A notice of public hearing, published pursuant to EDPL 202, indicated that the proposed acquisition included approximately 1.5 acres in "fee simple" and a temporary easement necessary for construction. Monroe Bakertown did not appear at the public hearing and did not contest the propriety of the taking itself.

Thereafter, the County, by petition dated December 7, 2005, sought to acquire by eminent domain "a fee simple interest and a temporary easement and right-of-way" for the purpose of improving the subject intersection. Attached were acquisition maps which, according to the petition, depicted the "proposed fee simple conveyance and easement." The Supreme Court, in an order dated February 28, 2006, granted the petition and ordered that, upon the filing of the order and the acquisition maps, "acquisition of the property in such maps shall be complete and title thereto shall be vested in the [County]." However, the February 2006 order did not specify the time within which Monroe Bakertown had to file a written claim, demand, or notice of appearance in order to claim damages arising out of the acquisition of its property (*see* EDPL 503 [B]).

Although the Supreme Court never specified a filing deadline, the County, on or about April 7, 2006, served upon Monroe Bakertown a notice of acquisition which stated, among other things, that "any written claim for damages or notice of appearance that you file pursuant to EDPL 503, must be filed with the Clerk of this Court on or before May 31, 2006." Counsel for Monroe Bakertown filed a general notice of appearance dated May 30, 2006, in which Monroe Bakertown "reserves its right to file its own appraisal." It is undisputed that this general notice of appearance did not include all of the information required by EDPL 504.

Thereafter, in March 2007, the County, after communicating

with Monroe Bakertown, contacted the Supreme Court and requested that the matter be restored to the calendar because the parties had not been able to reach an agreement regarding fair compensation. The parties, with the approval of the Supreme Court, then agreed to several extensions for the exchange of appraisals. Ultimately, after a preliminary conference, it was agreed, on the record, that the appraisals would be exchanged on October 22, 2007.

The appraisal submitted by the County valued the fee simple acquisition at $33,000 and the temporary easement at $1,331. The appraisal submitted by Monroe Bakertown valued the fee simple acquisition at $1,100,000 and the temporary easement at $1,000. The record indicates that the disparity between the appraisals is largely attributable to the fact that Monroe Bakertown valued the land acquired as including "development rights," while the County valued the land acquired without such rights. In addition to submitting its appraisal, Monroe Bakertown, on or around October 29, 2007, submitted an "amended notice of appearance" which, unlike the notice of appearance previously filed, met the requirements set forth in EDPL 504.

The parties continued to litigate the issue of damages and, in March 2008, agreed, by stipulation, to permit the Village to intervene in order to participate in the trial and submit a supplemental appraisal. Additional appraisals were filed, which, once again, reflected a disagreement with respect to the scope of the interest actually acquired by the County.

All parties appeared for the valuation trial on October 19, 2009. At the outset, the County moved to dismiss Monroe Bakertown's claim for damages on the ground that it had failed to file a claim or a sufficient notice of appearance on or before May 31, 2006, as specified by the notice of acquisition. The Village separately moved for leave to enter the intermunicipal agreements into evidence at trial and for a declaration at trial of the rights of the County and Village thereunder. The trial was adjourned and written motions were submitted.

In the order appealed from, the Supreme Court denied the County's motion to dismiss the claim for damages and denied that branch of the Village's cross motion which was for a declaration at trial of the rights of the parties under the intermunicipal agreements. In addition, the Supreme Court, in effect, denied, with leave to renew at trial, that branch of the Village's cross motion which was for leave to enter the intermunicipal agreements into evidence at trial.

Contrary to the County's contentions, the Supreme Court did

not improvidently exercise its discretion in denying its motion to dismiss Monroe Bakertown's claim for damages. In a claim for damages arising from the acquisition of real property, a condemnee shall, "within the time specified *by the court*, file a written claim, or notice of appearance" (EDPL 503 [B] [emphasis added]). The required contents of such a claim or notice of appearance are set forth in EDPL 504.

Here, while Monroe Bakertown did not file a notice of appearance consistent with the requirements of EDPL 504 until October 2007, it is undisputed that the Supreme Court never specified the time within which Monroe Bakertown was required to make such a filing. Instead, the date set forth in the notice of acquisition was unilaterally selected by the County. Under the circumstances, the failure to file an adequate notice of acquisition within the time frame set forth by the County does not mandate dismissal.

The time within which to file a written claim or notice of appearance pursuant to EDPL 503 is "merely a procedural direction to be issued by the court in the exercise of its broad discretion" (*Grandinetti v Metropolitan Transp. Auth.*, 74 NY2d 785, 787 [1989]). It is neither a statute of limitations nor a condition precedent to compensation and may be extended by the Supreme Court " 'upon such terms as may be just and upon good cause shown' " (*id.*, quoting CPLR 2004; *see Matter of Town of N. Hempstead Community Dev. Agency v Savage*, 73 AD3d 1187, 1188 [2010]; *Matter of City Tunnel No. 3, Stage 2 [Shaft 22B] Brooklyn*, 267 AD2d 382, 383 [1999]; *Metropolitan Transp. Auth. v Pizzuti*, 156 AD2d 546, 546 [1989]). Considering the record presented, particularly the fact that the County accepted the general notice of appearance and the amended notice of appearance without objection, and continued to extensively litigate the issue on the merits for approximately three years before asserting, on the day of trial, that the claim was untimely because it did not comply with a deadline unilaterally selected by the County, the Supreme Court did not improvidently exercise its discretion in denying the motion to dismiss.

Moreover, the Supreme Court did not improvidently exercise its discretion in denying that branch of the Village's cross motion which was for a declaration at trial of the rights of the Village and the County under the intermunicipal agreements. While the Supreme Court, when determining the compensation due, can determine questions relating to the title of the appropriated property (*see* EDPL 512), Monroe Bakertown was not a party to either intermunicipal agreement and any disputes concerning the rights or obligations of the County or the Village

under the agreements, or any claims that the County appropriated a right or interest not envisioned under the agreements, are irrelevant to the issue of the valuation of the taken property. Under the circumstances of this case, any such issues are more appropriately raised in a properly commenced declaratory judgment action.

Inasmuch as the cross appeal seeks review of that portion of the order which, in effect, denied, with leave to renew, that branch of the cross motion which was for leave to enter the intermunicipal agreements into evidence at the valuation trial, it is dismissed. "[S]uch an evidentiary ruling, even when made in advance of trial on motion papers constitutes, at best, an advisory opinion which is neither appealable as of right nor by permission" (*Barnes v Paulin*, 52 AD3d 754, 755 [2008] [internal quotation marks and citations omitted], *affd* 73 AD3d 1107 [2010]; *see Swezey v Montague Rehab & Pain Mgt., P.C.*, 84 AD3d 779, 779 [2011]; *Citlak v Nassau County Med. Ctr.*, 37 AD3d 640 [2007]).

The Village's remaining contentions are without merit. Rivera, J.P., Balkin, Eng and Austin, JJ., concur.