█ In the Matter of VILLAGE OF HAVERSTRAW, Appellant, v RAY RIVER CO., INC., et al., Respondents. [26 NYS3d 353]—

In a condemnation proceeding pursuant to EDPL 402, the condemnor appeals, as limited by its brief, from so much of an amended order of the Supreme Court, Rockland County (Tolbert, J.), dated October 21, 2014, as granted that branch of the claimants' motion which was, in effect, to extend their time to file a notice of appearance pursuant to EDPL 503 (B).

Ordered that the order is affirmed insofar as appealed from, with costs.

The Village of Haverstraw commenced this condemnation proceeding to acquire certain real property by eminent domain. The subject property was owned by the claimants, Ray River Co., Inc., and Haverstraw Riverfront, Inc. (hereinafter together the landowners). In a judgment dated March 27, 2008, the Supreme Court granted the Village's condemnation petition. The judgment provided that any condemnee that wished to file a claim for damages was required to file a written claim or notice of appearance pursuant to EDPL 503 (B) on or before March 31, 2009. The landowners thereafter moved for, in effect, inter alia, an extension of time to file a notice of appearance pursuant to EDPL 503 (B). The Supreme Court, inter alia, granted that branch of the landowners' motion. The Village appeals from that portion of the order, and we affirm insofar as appealed from.

"In a claim for damages arising from the acquisition of real property under [EDPL 501 (B)], a condemnee shall, within the time specified by the court, file a written claim, or notice of appearance" (EDPL 503 [B]; *see Matter of Town of N. Hempstead Community Dev. Agency v Savage*, 73 AD3d 1187, 1187-1188 [2010]). The required contents of such a claim or notice of appearance are set forth in EDPL 504 (*see Matter of Town of N. Hempstead Community Dev. Agency v Savage*, 73 AD3d at 1188). They generally include, among other things, the name and address of the condemnee, a description of the property affected by the acquisition and the condemnee's interest therein, a general statement of the nature and type of damages claimed, and the name and address of the condemnee's attorney (*see* EDPL 504).

The time within which to file a written claim or notice of appearance pursuant to EDPL 503 is "merely a procedural direction to be issued by the court in the exercise of its broad discretion to administer the litigation in an orderly and expeditious manner" (*Grandinetti v Metropolitan Transp. Auth.*, 74 NY2d 785, 787 [1989]; *see Matter of County of Orange v Monroe Bakertown Rd. Realty, Inc.*, 91 AD3d 772, 776 [2012]). It is neither a statute of limitations nor a condition precedent to compensation and may be extended by the Supreme Court " 'upon such terms as may be just and upon good cause shown' " (*Grandinetti v Metropolitan Transp. Auth.*, 74 NY2d at 787, quoting CPLR 2004; *see Matter of County of Orange v Monroe Bakertown Rd. Realty, Inc.*, 91 AD3d at 776; *see also Matter of Town of N. Hempstead Community Dev. Agency v Savage*, 73 AD3d at 1188; *Matter of City Tunnel No. 3, Stage 2 [Shaft 22B] Brooklyn*, 267 AD2d 382, 383 [1999]; *Tennessee Gas Pipeline Co. v Bontrager Realty*, 191 AD2d 1002, 1002-1003 [1993]; *Metropolitan Transp. Auth. v Pizzuti*, 156 AD2d 546, 546 [1989]). In considering a motion for such an extension of time, "[a] court may properly consider factors such as the length of the delay, whether the opposing party has been prejudiced by the delay, the reason given for the delay, whether the moving party was in default before seeking the extension, and, if so, the presence or absence of an affidavit of merit" (*Tewari v Tsoutsouras*, 75 NY2d 1, 12 [1989]).

Here, the landowners established " 'good cause' " for an extension of time to file a notice of appearance (*Grandinetti v Metropolitan Transp. Auth.*, 74 NY2d at 787, quoting CPLR 2004). Although the landowners' attorney failed to properly file a notice of appearance with the clerk of the court within the timeframe set forth by the Supreme Court, the Village was

nevertheless served with a notice of appearance that alerted it to the landowners' claims. Moreover, the landowners repeatedly demanded an "advance payment" for the taking (EDPL 304), repeatedly requested that their expert appraisers be given access to the subject property in order to assess its value, and sought to exchange "written appraisal reports" (EDPL 508). In addition, after the Village had acquired the subject property, a judicial viewing of the property took place (*see* EDPL 510). Furthermore, the landowners demonstrated that their claim was potentially meritorious through the submission of expert evidence demonstrating that the property was worth significantly more than the amount tendered by the Village as an advance payment. Under these circumstances, the Supreme Court providently exercised its discretion in granting that branch of the landowners' motion which was, in effect, to extend their time to file a notice of appearance pursuant to EDPL 503 (B) (*see* CPLR 2004; *Grandinetti v Metropolitan Transp. Auth.*, 74 NY2d at 787; *Matter of County of Orange v Monroe Bakertown Rd. Realty, Inc.*, 91 AD3d at 776). Chambers, J.P., Austin, Miller and LaSalle, JJ., concur.