■ VILLAGE OF KIRYAS JOEL, Respondent-Appellant, v COUNTY OF ORANGE, Appellant-Respondent. [43 NYS3d 51]—

In action, inter alia, to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated January 28, 2014, as denied its cross motion for summary judgment dismissing the complaint, and the plaintiff cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment on the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendant's cross motion which were for summary judgment dismissing the first, third, fourth, and fifth causes of action and substituting therefor a provision granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In or around 1999, the plaintiff, the Village of Kiryas Joel, and the defendant, the County of Orange, recognized that certain safety improvements needed to be made at the intersection of County Road 105 and Bakertown Road in the Village. Nonparty Monroe Bakertown Road Realty, Inc. (hereinafter Monroe), owned approximately 70.5 acres of undeveloped land near that intersection, and the Village and the County determined that, in order to make the requisite improvements, it would be necessary to acquire an approximately 1.5 acre portion of Monroe's property by eminent domain.

In 2002, the Village and the County entered into an "intermunicipal agreement" which set forth their respective obligations concerning the acquisition of the 1.5 acre parcel. In 2005, the County and Village signed a second "intermunicipal agreement" that amended the first (hereinafter together the agreements). Pursuant to the agreements, the County was required to obtain the 1.5 acre parcel by eminent domain "exclusive of development rights," and the Village was required to reimburse the County for the costs of the acquisition, including the

amount of any compensation paid to Monroe, and the County's legal fees in connection with the condemnation. The Village also agreed to offer Monroe the right to transfer the 1.5 acre parcel's development rights over to the remaining 69 acres by allowing Monroe to build the same number of "dwelling units" on the remaining 69 acres as it could have built on the original 70.5 acres.

The County commenced the process of acquiring the 1.5 acre parcel by eminent domain in August 2005. However, although the agreements required the County to obtain the parcel "exclusive of development rights," the County condemned the parcel in fee simple absolute. When the Village learned that the County had condemned the parcel in fee simple absolute it objected. Thereafter, litigation ensued between Monroe and the County regarding the value of the condemned parcel (*see Matter of County of Orange v Monroe Bakertown Rd. Realty, Inc.*, 130 AD3d 823 [2015]; *Matter of County of Orange v Monroe Bakertown Rd. Realty, Inc.*, 91 AD3d 772 [2012]).

In 2010 the Village commenced this action, inter alia, to recover damages for breach of contract, arguing that the failure to exclude Monroe's development rights from the acquisition increased both the amount of compensation awarded to Monroe and the County's legal fees in connection with the condemnation. The Village moved for summary judgment, and the County cross-moved for summary judgment dismissing the complaint. The Supreme Court denied both motions. The County appeals from so much of the order as denied its cross motion and the Village cross-appeals from so much of the order as denied its motion.

To recover damages for breach of contract, a plaintiff must demonstrate the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach (*see Alliance Natl. Ins. Co. v Absolut Facilities Mgt., LLC*, 140 AD3d 810 [2016]; *Legum v Russo*, 133 AD3d 638, 639 [2015]). "To prevail on a cause of action alleging breach of contract, the plaintiff must demonstrate that it sustained 'actual damages as a natural and probable consequence' of the defendant's breach" (*Family Operating Corp. v Young Cab Corp.*, 129 AD3d 1016, 1017 [2015], quoting *Rakylar v Washington Mut. Bank*, 51 AD3d 995, 996 [2008]).

Here, the Village has not demonstrated its prima facie entitlement to judgment as a matter of law on its second cause of action, which is to recover damages for breach of contract. The Village has made a prima facie showing that the County

breached the agreements by condemning the parcel in fee simple absolute rather than excluding Monroe's development rights. However, it has not made a prima facie showing that it suffered damages as a result of that breach since it has not demonstrated that, as a matter of law, Monroe's claim for compensation or the County's legal fees would have been lower had the County excluded the development rights from the condemnation. On the contrary, the record demonstrates that Monroe viewed the offer to transfer the development rights to the remaining parcel as immaterial to its claim for compensation.

The County likewise has not demonstrated its prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for breach of contract. The County has not made a prima facie showing that, as a matter of law, if the development rights had been excluded Monroe would still have litigated the valuation of the condemned parcel just as vigorously or that a settlement which would have avoided the costs of a trial and appeal could not have been reached. Thus, the County has not made a prima facie showing that, as a matter of law, the Village did not suffer damages as a result of the County's failure to exclude the development rights from the condemnation. Likewise, while the County contends that the Village cannot recover for breach of contract because the Village also breached the agreements by failing to reimburse the County for its legal fees, the record demonstrates that the County withheld those fees from sums due to the Village as distributions of sales tax revenues. In any case, because the County did not comply with the requirement in the agreements that it exclude development rights from the condemnation, the Village's own duty to reimburse the County for its legal fees never arose.

In addition, "[c]ontractual rights may be waived if they are knowingly, voluntarily and intentionally abandoned" (*Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96, 104 [2006]; *Hannigan v Hannigan*, 104 AD3d 732, 734 [2013]; *Town of Hempstead v Incorporated Vil. of Freeport*, 15 AD3d 567, 569 [2005]). The abandonment of a contractual right " 'may be established by affirmative conduct or by failure to act so as to evince an intent not to claim a purported advantage' " (*Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d at 104, quoting *General Motors Acceptance Corp. v Clifton-Fine Cent. School Dist.*, 85 NY2d 232, 236 [1995]; *see Hannigan v Hannigan*, 104 AD3d at 735). "[W]aiver 'should not be lightly presumed' and must be based

on 'a clear manifestation of intent' to relinquish a contractual protection" (*Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d at 104, quoting *Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968 [1988]; *Stassa v Stassa*, 123 AD3d 804, 805-806 [2014]). Generally, the existence of an intent to forgo such a right is a question of fact (*see Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d at 104; *Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y.*, 61 NY2d 442, 446 [1984]; *Hannigan v Hannigan*, 104 AD3d at 735).

Contrary to the County's contention, it did not demonstrate, as a matter of law, that the Village knowingly, voluntarily, and intentionally abandoned the right to enforce the terms of the agreements requiring the County to exclude the development rights from the condemnation. On the contrary, the record demonstrates that, when the Village became aware that the condemned property had been taken in fee simple absolute, it promptly objected via a letter from its counsel. Under these circumstances, the County failed to make a prima facie showing that the Village waived its rights under the agreements. Accordingly, the Supreme Court properly denied those branches of the parties' respective motion and cross motion which were for summary judgment on the Village's cause of action alleging breach of contract, regardless of the sufficiency of their respective opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

However, the Supreme Court should have granted that branch of the County's cross motion which was for summary judgment dismissing the first cause of action, which seeks a declaratory judgment, as that cause of action was duplicative of the cause of action alleging breach of contract (*see Waterways at Bay Pointe Homeowners Assn., Inc. v Waterways Dev. Corp.*, 132 AD3d 975, 980 [2015]; *Alizio v Feldman*, 82 AD3d 804, 805 [2011]).

To establish a prima facie case for breach of fiduciary duty, a plaintiff must allege " '(1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct' " (*Varveris v Zacharakos*, 110 AD3d 1059, 1059 [2013], quoting *Rut v Young Adult Inst., Inc.*, 74 AD3d 776, 777 [2010]; *see Stortini v Pollis*, 138 AD3d 977, 979 [2016]; *Deblinger v Sani-Pine Prods. Co., Inc.*, 107 AD3d 659, 661 [2013]). A cause of action alleging breach of fiduciary duty is subject to dismissal where it is duplicative of a cause of action alleging breach of contract (*see Parker Waichman LLP v Squier, Knapp & Dunn Communications, Inc.*, 138

AD3d 570, 571 [2016]; *Mawere v Landau*, 130 AD3d 986 [2015]; *Canzona v Atanasio*, 118 AD3d 841, 843 [2014]). Here, the Village has not made a prima facie showing of the existence of any fiduciary relationship between itself and the County, or that the County had any duty separate from its duties under the agreements. Accordingly, the Supreme Court should have granted that branch of the County's cross motion which was for summary judgment dismissing the fourth cause of action, which alleged breach of fiduciary duty, since that cause of action is based on the same facts and seeks essentially the same relief as the cause of action alleging breach of contract, and is thus duplicative (*see Parker Waichman LLP v Squier, Knapp & Dunn Communications, Inc.*, 138 AD3d at 571; *Mawere v Landau*, 130 AD3d at 986; *Canzona v Atanasio*, 118 AD3d at 843).

The Supreme Court also should have granted those branches of the County's motion which were for summary judgment dismissing the third cause of action, which alleged negligent performance of the agreements, and the fifth cause of action, which alleged "excessive condemnation." The Village concedes in its brief on appeal that the cause of action alleging "excessive condemnation" should have been dismissed. The County also is correct that the cause of action alleging negligent performance of the agreements should have been dismissed, since "[a] breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated" (*see Board of Mgrs. of Beacon Tower Condominium v 85 Adams St., LLC*, 136 AD3d 680, 684 [2016]).

The County's contentions that the complaint should be dismissed pursuant to CPLR 306-b on the grounds of untimely service of process or pursuant to County Law § 52 (1) based upon the Village's failure to serve a notice of claim are not properly before this Court, as they are raised for the first time on appeal (*see Lauder v Goldhamer*, 122 AD3d 908, 910 [2014]; *Matter of Cohn*, 46 AD3d 680, 681 [2007]; *Fresh Pond Rd. Assoc. v Estate of Schacht*, 120 AD2d 561 [1986]).

Finally, the County argues that this action is barred by the doctrine of stare decisis since, in a prior decision and order in a related appeal (*see Matter of County of Orange v Monroe Bakertown Rd. Realty, Inc.* 91 AD3d 772 [2012]), this Court held that any claim that the County condemned an interest not envisioned by the agreements was irrelevant to the question of the value of the condemned property. This argument misunderstands the nature of the doctrine of stare decisis and misconstrues our decision and order in the related appeal.

"The doctrine of stare decisis provides that once a court has

decided a legal issue, subsequent appeals presenting similar facts should be decided in conformity with the earlier decision" (*People v Bing*, 76 NY2d 331, 337-338 [1990]; *see People v Taylor*, 9 NY3d 129, 148 [2007]; *Matter of Schulz v State of New York*, 241 AD2d 806, 807-808 [1997]). "The doctrine is particularly compelling in cases . . . involving property rights and property dispositions" (*City of Buffalo v Cargill, Inc.*, 44 NY2d 7, 17 [1978]; *see Great N. Ins. Co. v Interior Constr. Corp.*, 7 NY3d 412, 419-420 [2006]). In adhering to the doctrine of stare decisis, courts are bound only by statements of law which address issues which were presented to the court for determination in the prior case (*see Robinson Motor Xpress, Inc. v HSBC Bank, USA*, 37 AD3d 117, 123 [2006]). " 'Principles are not established by what was said, but by what was decided, and what was said is not evidence of what was decided, unless it relates directly to the question presented for decision' " (*id.* at 123-124, quoting *People ex rel. Metropolitan St. Ry. Co. v State Bd. of Tax Commrs.*, 174 NY 417, 447 [1903], *affd* 199 US 1 [1905]; *see Walia v Nassau County*, 61 AD3d 853, 855 [2009]).

In *Matter of County of Orange v Monroe Bakertown Rd. Realty, Inc.* (91 AD3d at 776-777), the Court stated that "the Supreme Court did not improvidently exercise its discretion in denying that branch of the Village's cross motion which was for a declaration at trial of the rights of the Village and the County under the intermunicipal agreements. While the Supreme Court, when determining the compensation due, can determine questions relating to the title of the appropriated property (*see* EDPL 512), Monroe . . . was not a party to either intermunicipal agreement and any disputes concerning the rights or obligations of the County or the Village under the agreements, or any claims that the County appropriated a right or interest not envisioned under the agreements, are irrelevant to the issue of the valuation of the taken property. Under the circumstances of this case, any such issues are more appropriately raised in a properly commenced declaratory judgment action." Taken in context, it is clear that, contrary to the County's interpretation, this Court did not hold that the form in which the property was condemned was irrevelant to valuation, but rather held that the agreements between the County and the Village were irrevelant to Monroe's claim for compensation for the interest that was, in fact, condemned, and that the question of the rights and interests of the County and the Village pursuant to the agreements was not before the Supreme Court or this Court in that proceeding. Thus, our decision and order in *Matter of County of Orange v Monroe Bakertown Rd. Realty, Inc.* does

not control the question of whether the Village can demonstrate an entitlement to damages based upon an alleged breach of the agreements.

The County's remaining contentions either are without merit or need not be reached in light of our determination. Balkin, J.P., Hall, Cohen and LaSalle, JJ., concur.