■ Craig Calderone, Appellant, v Molloy College et al., Defendants, and National Collegiate Athletic Association, Respondent. [59 NYS3d 473]—

Appeals from (1) an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), dated June 25, 2015, and (2) an order of that court dated June 26, 2015. The order dated June 25, 2015, denied the plaintiff's motion, in effect, pursuant to CPLR 2004 to extend the time to submit opposition papers to the motion of the defendant National Collegiate Athletic Association pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it. The order dated June

26, 2015, granted the unopposed motion of the defendant National Collegiate Athletic Association pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it.

Ordered that the appeal from the order dated June 26, 2015, is dismissed, as no appeal lies from an order entered upon the default of an appealing party (*see* CPLR 5511); and it is further,

Ordered that the order dated June 25, 2015, is reversed, on the law, on the facts, and in the exercise of discretion, the plaintiff's motion, in effect, pursuant to CPLR 2004 to extend the time to submit opposition papers to the motion of the defendant National Collegiate Athletic Association pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it is granted, the order dated June 26, 2015, is vacated, and the matter is remitted to the Supreme Court, Queens County, for a new determination of the motion of the defendant National Collegiate Athletic Association pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it in accordance herewith; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff commenced this action against the defendant National Collegiate Athletic Association (hereinafter the NCAA), among others, to recover damages for personal injuries allegedly sustained during a soccer game. Subsequently, the NCAA moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it. On June 4, 2015, the return date of the NCAA's motion, the plaintiff attempted to file a stipulation signed by the NCAA's counsel, among others, agreeing to adjourn the return date and extend the plaintiff's time to submit opposition papers. Later on June 4, 2015, the Supreme Court rejected the stipulation and marked the NCAA's motion fully submitted without opposition. That night, the plaintiff's counsel e-filed the opposition papers with the court. Four days after the return date, on June 8, 2015, the plaintiff moved, in effect, pursuant to CPLR 2004 to extend his time to submit opposition papers to the NCAA's motion. The NCAA did not oppose the plaintiff's motion. In an order dated June 25, 2015, the court denied the plaintiff's motion on the ground that he failed to follow the motion schedule set by the court's rules. Thereafter, in an order dated June 26, 2015, the court granted, as unopposed, the NCAA's motion to dismiss the complaint insofar as asserted against it. The plaintiff appeals from both orders.

The plaintiff's appeal from the order dated June 26, 2015,

must be dismissed, as no appeal lies from an order entered upon the default of the appealing party (*see* CPLR 5511; *T. Mina Supply, Inc. v Clemente Bros. Contr. Corp.*, 139 AD3d 1038, 1039 [2016]; *Brinson v Pod*, 129 AD3d 1005, 1008 [2015]). We note that, in any event, the appeal from that order is academic in light of our determination on the appeal from the order dated June 25, 2015 (*see Brinson v Pod*, 129 AD3d at 1008).

CPLR 2004 provides that, "[e]xcept where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed." In considering a motion for an extension of time, "the court may properly consider factors such as the length of the delay, whether the opposing party has been prejudiced by the delay, the reason given for the delay, whether the moving party was in default before seeking the extension, and, if so, the presence or absence of an affidavit of merit" (*Tewari v Tsoutsouras*, 75 NY2d 1, 12 [1989]; *see Matter of Village of Haverstraw v Ray Riv. Co., Inc.*, 137 AD3d 800, 801 [2016]).

Here, the plaintiff established good cause for an extension of his time to submit opposition papers to the NCAA's motion given the brief and unintentional delay, the lack of prejudice to the NCAA, the existence of potentially meritorious defenses to the NCAA's motion, and "the policy favoring the resolution of cases on their merits" (*Nikita v Parfomak*, 43 AD3d 892, 893 [2007]; *see Matter of Village of Haverstraw v Ray Riv. Co.*, 137 AD3d at 801-802; *Siracusa v Fitterman*, 110 AD3d 1055, 1056-1057 [2013]; *Associates First Capital v Crabill*, 51 AD3d 1186, 1188 [2008]).

Accordingly, the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion, in effect, pursuant to CPLR 2004 to extend his time to submit opposition papers to the NCAA's motion, and the order dated June 26, 2015, which consequently was entered upon the plaintiff's default, must be vacated (*see Brinson v Pod*, 129 AD3d at 1009; *Gladman v Messuri*, 71 AD3d 827, 828 [2010]). We remit the matter to the Supreme Court, Queens County, for a new determination of the NCAA's motion. In making its determination, the court shall consider the opposition papers initially e-filed by the plaintiff, and any additional papers it shall permit the parties to submit. Mastro, J.P., Rivera, Hall and Maltese, JJ., concur.