■ CUMBERLAND FARMS, INC., Respondent, v S.J.L. SERVICE STATION, INC., Doing Business as ENERGETIC CONTROLS, INC., et al., Appellants. [707 NYS2d 888] —In an action to recover dam-

ages for breach of contract, the defendants appeal from (1) a judgment of the Supreme Court, Nassau County (Schmidt, J.), entered January 7, 1999, and (2) an amended judgment of the same court, entered March 26, 1999, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $138,406.09.

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the amended judgment; and it is further,

Ordered that the amended judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

Contrary to the defendants' contention, the court properly refused to dismiss the cause of action to recover lost profits based on breach of contract. The contract between the parties sufficiently demonstrates that a claim for lost profits was within the contemplation of the parties in the event the defendants breached the contract (*see, Ashland Mgt. v Janien,* 82 NY2d 395; *Kenford Co. v County of Erie,* 67 NY2d 257).

An award for lost profits need not be calculated with mathematical precision, but rather, must, as here, be "capable of measurement based upon known reliable factors without undue speculation" (*Ashland Mgt. v Janien, supra,* at 403). Here, the jury's award for lost profits is supported by the record.

The defendants' remaining contentions are either unpreserved for appellate review, lack merit, or do not warrant reversal. Santucci, J. P., Friedmann, McGinity and Smith, JJ., concur.