■ FLEXIBLE BUSINESS SYSTEMS, INC., Respondent, v DAG MEDIA, INC., et al., Appellants. [853 NYS2d 907]—

In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing and hearing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]; *Narendra v Thieriot,* 41 AD3d 442, 443 [2007]).

Where, as here, the parties set down their agreement in a clear, complete document, their writing should be enforced according to its terms (*see Bailey v Fish & Neave,* 8 NY3d 523, 528 [2007]; *South Rd. Assoc., LLC v International Bus. Machs. Corp.,* 4 NY3d 272, 277 [2005]; *W.W.W. Assoc. v Giancontieri,* 77 NY2d 157, 162 [1990]). The Supreme Court correctly determined that the defendants, rather than the plaintiff, breached the parties' written agreement. The plaintiff was obligated under the contract, inter alia, to convert two specific software files to a new accounting program. However, the contract expressly warranted that any work performed thereunder was subject to the limitations of the new program. The plaintiff established by a preponderance of the credible evidence that it converted the

two files to the extent the data in those files could be accommodated by the new program. Accordingly, the Supreme Court did not err in finding in favor of the plaintiff on its cause of action alleging breach of contract.

The plaintiff also established, by a preponderance of the credible evidence, that the defendants were liable to it for outstanding amounts due on unpaid invoices under a theory of account stated.

The defendants' remaining contentions are without merit. Fisher, J.P., Dillon, McCarthy and Belen, JJ., concur.