■ ABLE ENERGY, INC., et al., Appellants-Respondents, v MARCUM & KLIEGMAN LLP et al., Respondents-Appellants. [893 NYS2d 36]—

The causes of action alleging breach of the covenant of good faith and fair dealing against the accounting firm of Marcum & Kliegman, and negligence and gross negligence against the firm and its individual accountants, were properly dismissed for failure to allege actual ascertainable damages arising in connection with such claims, which were nonduplicative of the damages asserted in connection with its breach of contract claims (*see Pellegrino v File*, 291 AD2d 60, 63 [2002], *lv denied* 98 NY2d 606 [2002]; *see also Gordon v Dino De Laurentiis Corp.*, 141 AD2d 435, 436 [1988]). The claim for breach of fiduciary duty, against all defendants, was properly dismissed since the duty owed by an accountant to a client is generally not fiduciary in nature (*see DG Liquidation v Anchin, Block & Anchin*, 300 AD2d 70 [2002]), and plaintiffs did not plead any of the limited circumstances in which such a duty may arise.

The defamation claims against all defendants, predicated on information contained in an August 24, 2007 letter to the Securities and Exchange Commission (SEC), were properly dismissed as to the individually named defendants, given the evidence that the letter was signed solely in the firm's capacity as a limited liability partnership. However, the firm's argument for dismissal of the defamation claims against the firm itself based on an "absolute privilege" defense is sufficiently supported, and those claims should also have been dismissed. The letter of August 24, 2007 to the SEC's finance division potentially could be used by the SEC in a quasi-judicial proceeding. It is irrelevant whether or not the SEC actually commenced such a proceeding (*Rosenberg v MetLife, Inc.*, 8 NY3d 359, 367-368 [2007]). Thus, the statements made in the August 24, 2007 letter are protected by an absolute privilege.

Contrary to the firm's argument, we find no basis for limiting the alleged contract damages to claims of overcharge at this pre-answer, prediscovery juncture. Concur—Mazzarelli, J.P., Sweeny, Catterson, Freedman and Román, JJ. **[Prior Case History: 2008 NY Slip Op 31363(U).]**