██ Family Operating Corp., Respondent, v Young Cab Corp., Appellant, et al., Defendant. [12 NYS3d 213]—

In an action to recover damages for breach of contract, the defendant Young Cab Corp. appeals from a judgment of the Supreme Court, Kings County (Silber, J.), entered May 7, 2014, which, upon a decision of the same court dated April 25, 2014, made after a nonjury trial, and upon, in effect, the denial of its motion pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiff's case, is in favor of the plaintiff and against it in the principal sum of $66,394.05.

Ordered that the judgment is affirmed, with costs.

The defendant Young Cab Corp. (hereinafter the defendant) is the owner of two New York City taxi medallions, which, pursuant to the terms and conditions of a management agreement dated January 31, 2003 (hereinafter the agreement), it leased to the plaintiff in exchange for the monthly sum of $1,300 per medallion. The initial term of the agreement was for a period of three years; thereafter, it would renew automatically for one-year periods unless either party notified the other of its intention not to renew 30 days before the last day of the then-current annual term. In March 2005, the agreement was amended to provide that, in exchange for payment by the plaintiff of the sum of $1,700 per month per medallion, commencing on March 8, 2005, the agreement would remain in effect until February 28, 2009.

The instant dispute arose when, on or about May 22, 2008, in a letter from Young Lee, a prior owner of the defendant, the plaintiff was informed that the defendant planned to sell its medallions and requested the immediate return of its medallions and license plates. On July 2, 2008, Young Lee sent another letter, advising the plaintiff to immediately surrender the medallions and license plates to the New York City Taxi and Limousine Commission (hereinafter NYC TLC). The NYC TLC also sent two letters to the plaintiff that same day, one for each of the subject medallions, directing the plaintiff to return the two medallions to the NYC TLC, and advising the plaintiff that failure to comply by July 16, 2008, would result in the issuance of summonses and/or the imposition of fines. The plaintiff complied with the demand, and subsequently commenced this action against the defendant, alleging, as is relevant to this appeal, breach of contract, and seeking damages.

A nonjury trial was held on February 14, 2014, and Febru-

ary 18, 2014. At the end of the plaintiff's case-in-chief, the defendant moved pursuant to CPLR 4401 for judgment as a matter of law. After oral arguments were presented by both parties, the court reserved decision on the defendant's motion. Thereafter, the Supreme Court issued a decision after trial, dated April 25, 2014, concluding that the defendant breached the agreement. The court, also, in effect, denied the defendant's motion for a judgment as a matter of law by finding in favor of the plaintiff. Pursuant to a judgment of the same court, entered May 7, 2014, the plaintiff was awarded damages in the principal sum of $66,394.05. The defendant appeals from the judgment. We affirm the judgment.

"A trial court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see Hamilton v Rouse*, 46 AD3d 514 [2007]). Under the circumstances of this matter, denial of the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law was appropriate since the plaintiff, on its case-in-chief, established, prima facie, that the defendant breached the agreement by requiring the plaintiff to surrender the subject medallions to the NYC TLC during the term of the agreement, and that this breach resulted in damages, specifically, the plaintiff's loss of profits during the time period when the agreement should have been in effect.

To prevail on a cause of action alleging breach of contract, the plaintiff must demonstrate that it sustained "actual damages as a natural and probable consequence" of the defendant's breach (*Rakylar v Washington Mut. Bank*, 51 AD3d 995, 996 [2008]; *see Ross v Sherman*, 95 AD3d 1100, 1100 [2012]). Where the plaintiff seeks to recover damages for lost profits, such profits must also be "within the contemplation of the parties at the time the contract was entered into" and, even though required to be proven with reasonable certainty, damages "resulting from the loss of future profits are often an approximation" (*Ashland Mgt. v Janien*, 82 NY2d 395, 403-405 [1993]; *see Perfect Crown Vic, Inc. v Douce Hacking Corp.*, 15 Misc 3d 1119[A], 2007 NY Slip Op 50765[U] [Sup Ct, Kings County 2007], *affd* 56 AD3d 448 [2008]). Here, contrary to the defendant's contentions, the evidence and credible testimony adduced at trial demonstrated that the plaintiff incurred actual damages due to the defendant's breach of the agreement (*see Ashland Mgt. v Janien*, 82 NY2d at 403-405; *Perfect Crown*

*Vic, Inc. v Douce Hacking Corp.*, 15 Misc 3d 1119[A] [2007]). The plaintiff's witness testified that he determined the lost profits for the plaintiff by subtracting the expenses from the revenue, which would have been generated by the plaintiff's collection of lease fees from individual NYC taxicab drivers, for the period starting July 15, 2008, when the medallions were surrendered, to the date when the agreement would have terminated pursuant to its terms. The evidence produced by the plaintiff provided a reasonably reliable foundation upon which to calculate the plaintiff's damages (*see Ashland Mgt. v Janien*, 82 NY2d at 403-405; *Perfect Crown Vic, Inc. v Douce Hacking Corp.*, 15 Misc 3d 1119[A] [2007]). Additionally, the expenses delineated in the agreement as the obligation of the plaintiff were the expenses that the plaintiff considered in calculating its lost profits. Moreover, the defendant declined to cross-examine the plaintiff's witness as to damages at trial or to specifically dispute any of the calculations.

Upon review of a determination rendered after a nonjury trial, this Court's authority "is as broad as that of the trial court" (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]), and this Court may "render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (*id.* [internal quotation marks omitted]; *see Perfect Crown Vic, Inc. v Douce Hacking Corp.*, 56 AD3d at 448). Under the circumstances of this case, the Supreme Court's determination that the defendant breached the agreement, resulting in damages to the plaintiff in the amount of $66,394.05, is amply supported by the evidence adduced at trial and warranted by the facts, and we discern no basis to disturb the judgment.

The defendant's remaining contentions are without merit. Mastro, J.P., Chambers, Maltese and Duffy, JJ., concur.