■ WESTCHESTER COUNTY CORRECTION SUPERIOR OFFICERS ASSOCIATION et al., Respondents, v COUNTY OF WESTCHESTER et al., Appellants. (Appeal No. 1.) WESTCHESTER COUNTY CORRECTION SUPERIOR OFFICERS ASSOCIATION et al., Appellants, v COUNTY OF WESTCHESTER et al., Respondents. (Appeal No. 2.) [17 NYS3d 309]—In an action to recover damages for breach of a collective bargaining agreement, the defendants appeal from an order of the Supreme Court, Westchester County (Smith, J.), entered June 20, 2011, which denied their motion pursuant to CPLR 3211 (a) to dismiss the complaint, and the plaintiffs appeal from an order of the same court entered March 21, 2013, which granted the defendants' motion for summary judgment dismissing the complaint and denied their cross motion pursuant to CPLR 3025 (b) for leave to amend the complaint.

Ordered that the appeal from the order entered June 20, 2011, is dismissed as academic in light of our determination of the appeal from the order entered March 21, 2013; and it is further,

Ordered that the order entered March 21, 2013, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

Westchester County Correction Superior Officers Association, Inc., suing herein as Westchester County Correction Superior

Officers Association, along with several individually named retired correction officers, commenced this action to recover damages for breach of a collective bargaining agreement (hereinafter the CBA), based on the defendants' alleged failure to pay the individually named plaintiffs benefits equivalent to those provided by the Workers' Compensation Law for loss of earning capacity due to permanent disability.

The Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. The defendants demonstrated, prima facie, that there is no provision in the CBA requiring the defendants to pay benefits equivalent to those paid pursuant to the Workers' Compensation Law for loss of earning capacity due to permanent disability (*see Westchester County Corr. Officers Benevolent Assn., Inc. v County of Westchester*, 99 AD3d 998, 999 [2012]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The Supreme Court also properly denied the plaintiff's cross motion pursuant to CPLR 3025 (b) for leave to amend the complaint, as the proposed amendment was patently devoid of merit (*see Nanomedicon, LLC v Research Found. of State Univ. of N.Y.*, 129 AD3d 684, 685 [2015]).

The parties' remaining contentions have been rendered academic in light of our determination. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.