■ RXR WWP Owner LLC, Appellant, v WWP Sponsor, LLC, et al., Respondents, et al., Defendant. [17 NYS3d 698]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered August 14, 2014, which, to the extent appealed from as limited by the briefs, granted the motion of defendants American Realty Capital Properties, Inc. and American Realty Capital New York Recovery REIT, Inc. (together, ARC) to dismiss the tortious interference with contract and the tortious interference with prospective business relations causes of action as against them, limited damages on the breach of the confidentiality agreement cause of action against ARC, and implicitly denied plaintiff's request to replead, unanimously modified, on the law, to remove the damage limitation on the breach of the confidentiality agreement cause of action, and otherwise affirmed, without costs. Appeal from order, same court, Justice, and date of entry, which, to the extent appealed from as limited by the briefs, granted the motion of defendant WWP Sponsor, LLC to dismiss the fraudulent misrepresentation, breach of the implied covenant of good faith and fair dealing, and unjust enrichment causes of action, and implicitly denied plaintiff's request to replead, deemed an appeal from judgment, same court and Justice, entered October 28, 2014, dismissing the amended complaint as against WWP with prej-

udice (CPLR 5501 [c]), and, so considered, said judgment unanimously affirmed, without costs.

Plaintiff failed to state a claim for fraudulent misrepresentation against WWP, because "the documentary evidence . . . negates as a matter of law the element of justifiable reliance on [WWP's] alleged false promise" (*Schutty v Speiser Krause P.C.*, 86 AD3d 484, 485 [1st Dept 2011]; *see also Perrotti v Becker, Glynn, Melamed & Muffly LLP*, 82 AD3d 495, 498 [1st Dept 2011]).

The court correctly dismissed the breach of the implied covenant of good faith and fair dealing cause of action, because of the lack of actual damages (*see Able Energy, Inc. v Marcum & Kliegman LLP*, 69 AD3d 443, 444 [1st Dept 2010]). By plaintiff's own admission, the contribution agreement was terminated because plaintiff failed to satisfy certain conditions to closing and refused to waive the failure of those conditions, not because WWP failed to cooperate in obtaining lender consent.

Because the court correctly dismissed the breach of contract cause of action against WWP, the tortious interference with contract claim against ARC is not viable (*see White Plains Coat & Apron Co., Inc. v Cintas Corp.*, 8 NY3d 422, 426 [2007] ["In a contract interference case [,] . . . the plaintiff must show the existence of its valid contract with a third party"]).

The court correctly dismissed the unjust enrichment cause of action against WWP, because there are actual agreements between the parties governing the subject matter at issue (*see IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 142 [2009]), and because it is not against equity and good conscience to permit WWP's sale of an interest in former defendant WWP Holdings, LLC (Holdings) to ARC after plaintiff terminated the contribution agreement (*see Georgia Malone & Co., Inc. v Rieder*, 19 NY3d 511, 516 [2012]).

Because ARC did not cross-appeal from the motion court's refusal to dismiss the fifth cause of action, for breach of the confidentiality agreement, we will not entertain its argument that that cause of action should be dismissed in its entirety (*see Hecht v City of New York*, 60 NY2d 57 [1983]).

ARC's arguments regarding plaintiff's ability to prove lost profits "are more appropriately addressed on a motion for summary judgment" and are "premature" on a motion to dismiss (*Morris v 702 E. Fifth St. HDFC*, 46 AD3d 478, 479 [1st Dept 2007]; *compare Goodstein Constr. Corp. v City of New York*, 67 NY2d 990, 992 [1986] [motion to dismiss], *with Goodstein Constr. Corp. v City of New York*, 80 NY2d 366 [1992] [summary judgment]). In addition, unlike the plaintiffs in *Gordon v*

*Dino De Laurentiis Corp.* (141 AD2d 435 [1st Dept 1988]), plaintiff plausibly alleges that ARC's breach of the confidentiality agreement caused plaintiff to lose its deal with WWP. Therefore, we delete the limitation on damages on the breach of the confidentiality agreement cause of action, without prejudice to limiting such damages on summary judgment.

The court correctly dismissed the eighth cause of action, which alleges that ARC tortiously interfered with plaintiff's prospective business relationship with WWP. "[C]onduct constituting tortious interference with business relations is . . . conduct directed not at the plaintiff itself, but at the party with which the plaintiff has or seeks to have a relationship" (*Carvel Corp. v Noonan*, 3 NY3d 182, 192 [2004]). Here, plaintiff alleges that WWP would have granted plaintiff further extensions of the closing under the contribution agreement if ARC had not offered WWP a higher price for an interest in Holdings, which ARC was able to do only because it wrongfully used plaintiff's confidential materials. Plaintiff's claim fails, because ARC engaged in no wrongful conduct directed at WWP, as opposed to plaintiff: it merely offered WWP a higher price for an interest in Holdings, which is not wrongful (*see id.*).

Plaintiff's request for leave to amend to add new claims is improperly raised for the first time on appeal; plaintiff merely sought leave to replead before the motion court. Concur—Tom, J.P., Acosta, Richter and Kapnick, JJ.