■ MELVILLE CAPITAL, LLC, Respondent, v LEONARD GUGICK, Appellant. [42 NYS3d 210]—

In an action to recover damages for breach of contract, the defendant appeals from (1) a judgment of the Supreme Court, Nassau County (Diamond, J.), entered November 14, 2014, which, upon a decision of the same court entered June 13, 2014, made after a nonjury trial, is in favor of the plaintiff and against him in the principal sum of $50,000, and (2) an order of the same court entered February 4, 2015, which denied his motion pursuant to CPLR 4404 (b) to set aside the decision. The notice of appeal from the decision is deemed a notice of appeal from the judgment (*see* CPLR 5512 [a]).

Ordered that the judgment and the order are affirmed, with one bill of costs to the plaintiff.

" 'In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the

advantage of seeing and hearing the witnesses' " (*Quadrozzi v Estate of Quadrozzi*, 99 AD3d 688, 691 [2012], quoting *BRK Props., Inc. v Wagner Ziv Plumbing & Heating Corp.*, 89 AD3d 883, 884 [2011]; *see Neiss v Fried*, 127 AD3d 1044, 1046 [2015]; *Fernandez v Price*, 63 AD3d 672, 675 [2009]; *Flexible Bus. Sys., Inc. v Dag Media, Inc.*, 49 AD3d 808 [2008]). Similarly, where the court's findings of fact " 'rest in large measure on considerations relating to the credibility of witnesses[,]' . . . deference is owed to the trial court's credibility determinations" (*Tornheim v Blue & White Food Prods. Corp.*, 88 AD3d 867, 868 [2011], quoting *Anderson v Mastrangelo*, 18 AD3d 677 [2005]; *see Kamalian v Community OB/GYN Assoc., PLLC*, 132 AD3d 814 [2015]; *Zutrau v ICE Sys., Inc.*, 128 AD3d 1058, 1060 [2015]; *Neiss v Fried*, 127 AD3d at 1046).

Under the circumstances of this case, the defendant failed to demonstrate that certain sections of Insurance Law article 21 and Insurance Law article 78 provided a basis for voiding the subject agreement in which he agreed to pay the plaintiff a commission for brokering the sale of his life insurance policy (*see* Insurance Law §§ 2127, 7816). The Supreme Court correctly determined that the defendant failed to demonstrate any basis for voiding the commission agreement pursuant to which the plaintiff had the exclusive right to broker the policy in exchange for a commission of 1% of the policy's face value.

Pursuant to CPLR 4404 (b), after a nonjury trial, a court may, on the motion of a party or its own motion, set aside its decision and make new findings of fact or conclusions of law (*see Paterno v Strimling*, 107 AD3d 1233, 1234 [2013]). Here, the defendant failed to proffer adequate grounds for setting aside the Supreme Court's decision after trial. Accordingly, the court properly denied his motion.

The parties' remaining contentions are without merit. Hall, J.P., Sgroi, Barros and Connolly, JJ., concur.