■ RXR WWP Owner LLC, Appellant, v WWP Sponsor, LLC, et al., Defendants, and American Realty Capital Properties, Inc., Doing Business as American Realty Capital, et al., Respondents. [43 NYS3d 298]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered on or about March 25, 2016, which, inter alia, granted defendants American Realty Capital Properties, Inc. and American Realty Capital New York Recovery REIT, Inc.'s motion for partial summary judgment and denied plaintiff RXR WWP Owner LLC's cross motion to vacate the stay on discovery, unanimously affirmed, with costs.

On a prior appeal (132 AD3d 467 [1st Dept 2015]) (*RXR I*), we held: "ARC's [American Realty Capital Properties, Inc. and American Realty Capital New York Recovery REIT, Inc.] arguments regarding plaintiff's ability to prove lost profits 'are more appropriately addressed on a motion for summary judgment' and are 'premature' on a motion to dismiss. In addition, . . . plaintiff plausibly alleges that ARC's breach of the confidentiality agreement caused plaintiff to lose its deal with WWP. Therefore, we delete the limitation on damages on the breach of the confidentiality agreement cause of action, without prejudice to limiting such damages on summary judgment" (*id.* at 468-469 [citations omitted]).

Our earlier holding, on a motion to dismiss, brought pursuant to CPLR 3211, that plaintiff plausibly pled a claim for lost profits, does not constitute "law of the case" barring ARC from moving for summary judgment, which is subject to a different standard of review (*see Friedman v Connecticut Gen. Life Ins. Co.*, 30 AD3d 349, 349-350 [1st Dept 2006], *mod on other grounds* 9 NY3d 105 [2007]). Unlike in *Friedman v Connecticut Gen. Life Ins. Co.* (9 NY3d 105, 116 [2007]), the attack on the lost profits claim here does not go to the sufficiency of the pleadings, something determined on the motion to dismiss. Rather, ARC challenges the factual predicate for plaintiff's claimed entitlement to lost profits, something which is appropriately addressed on summary judgment and was not determined on the earlier appeal.

The motion court properly found that plaintiff failed to establish that lost profits are recoverable here. There is nothing in the confidentiality agreement which would support a finding that the parties contemplated lost profits as an element of damages in the event of breach (*see Kenford Co. v County of Erie*, 67 NY2d 257, 261 [1986]). To the contrary, the agreement states that neither party "will have any rights or obligations . . . with respect to the Transaction . . . other than matters specifically agreed to herein," and plaintiff's underlying agreement with WWP Sponsor, LLC (WWP) did not even provide for plaintiff to obtain lost profits in the event that WWP cancelled the deal. Even if the parties had contemplated lost profits, as an element of damages, the same would not be recoverable here, as plaintiff's lost profits are attributable to its own termination of the underlying agreement, after failing to satisfy a condition of closing (*see RXR I*, 132 AD3d at 468).

Plaintiff's claimed need for discovery, unsupported by any evidentiary basis to suggest that the same may lead to relevant evidence, is insufficient to deny summary judgment (CPLR 3212 [f]; *Bailey v New York City Tr. Auth.*, 270 AD2d 156, 157 [1st Dept 2000]).

Finally, plaintiff failed to raise "a reasonable concern about the appearance of impartiality," such as would warrant the need for reassignment to another Justice (*cf. Crawford v Liz Claiborne, Inc.*, 45 AD3d 284, 287 [1st Dept 2007], *revd on other grounds* 11 NY3d 810 [2008]). Concur—Mazzarelli, J.P., Friedman, Acosta, Andrias and Moskowitz, JJ.