■ SUPERIOR VENDING SERVICES, INC., Appellant, v WORKMEN'S CIRCLE HOME AND INFIRMARY FOUNDATION FOR THE AGED, NEW YORK STATE BRANCHES, INC., Doing Business as WORKMEN'S CIRCLE MULTICARE CENTER, Respondent. [49 NYS3d 714]—

In an action to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Adler, J.), dated October 27, 2014, which, upon a decision of the same court dated July 10, 2013, made after a nonjury trial on the issue of damages, is in favor of the defendant and against it dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

When reviewing a determination made after a nonjury trial, "this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing and hearing the witnesses" (*Todd Rotwein, D.P.M., P.C. v Nader Enters., LLC*, 125 AD3d 844, 844 [2015]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492 [1983]; *Melville Capital, LLC v Gugick*, 144 AD3d 999 [2016]; *Family Operating Corp. v Young Cab Corp.*, 129 AD3d 1016 [2015]). "Similarly, where the court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations" (*Melville Capital, LLC v Gugick*, 144 AD3d at 1000 [internal quotation marks, brackets and ellipsis omitted]).

"A party may not recover damages for lost profits unless they were within the contemplation of the parties at the time the contract was entered into and are capable of measurement with reasonable certainty" (*Ashland Mgt. v Janien*, 82 NY2d 395, 403 [1993]). The requirement that damages be reasonably certain does not require absolute certainty (*see id.* at 403). "Damages resulting from the loss of future profits are often an approximation. The law does not require that they be determined with mathematical precision. It requires only that damages be capable of measurement based upon known reliable factors without undue speculation" (*id.*; *see Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.*, 10 NY3d 187 [2008]; *Kenford Co. v County of Erie*, 67 NY2d 257 [1986]; *Inspectronic Corp. v Gottlieb Skanska, Inc.*, 135 AD3d 707 [2016]; *Cumberland Farms v S.J.L. Serv. Sta.*, 272 AD2d 289 [2000]; Restatement [Second] of Contracts § 352).

Here, the record supports the Supreme Court's determination that the plaintiff failed to establish with reasonable certainty the anticipated lost profits resulting from the defendant's breach of the parties' contract (*see Kenford Co. v County of Erie*, 67 NY2d at 262; *G & A Moving & Stor. Co. v Computer Assoc. Intl.*, 233 AD2d 479 [1996]; *cf. Family Operating Corp. v Young Cab Corp.*, 129 AD3d at 1017). There is no merit to the plaintiff's contention that the court based its determination, in part, on the fact that the plaintiff did not present expert testimony (*cf. Fitzpatrick v Animal Care Hosp., PLLC*, 104 AD3d 1078, 1083 [2013]).

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination. Austin, J.P., Miller, LaSalle and Connolly, JJ., concur.