■ SHMUEL SHMUELI, Appellant, v WHITESTAR DEVELOPMENT CORP., Respondent. [49 NYS3d 339]—

Appeal from an order of the Supreme Court, Niagara County (Timothy J. Walker, A.J.), entered June 12, 2015. The order granted the motion of defendant for a directed verdict.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff appeals from an order granting defendant's motion for a directed verdict at the close of plaintiff's proof pursuant to CPLR 4401 and dismissing plaintiff's sole cause of action alleging a breach of the implied covenant of good faith and fair dealing. We affirm. A plaintiff seeking to prevail on a cause of action for breach of the implied covenant of good faith and fair dealing must prove that he or she sustained actual damages as a natural and probable consequence of the breach (*see RXR WWP Owner LLC v WWP Sponsor, LLC*, 132 AD3d 467, 468 [2015]; *see generally Kenford Co. v County of Erie*, 73 NY2d 312, 319 [1989]; *Village of Kiryas Joel v County of Orange*, 144 AD3d 895, 896 [2016]). Contrary to plaintiff's contention, he failed at trial to present nonspeculative evidence of his alleged damages (*see Friedman v Miale*, 69 AD3d 789, 791 [2010], *lv denied* 16 NY3d 706 [2011]; *see generally Lloyd v Town of Wheatfield*, 67 NY2d 809, 810 [1986]). We thus conclude that the court properly granted defendant's motion for a directed verdict because, upon the evidence presented, there was no rational process by which the trier of fact could find in plaintiff's favor (*cf. Family Operating Corp. v*

*Young Cab Corp.*, 129 AD3d 1016, 1017-1018 [2015]; *see generally Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). Present—Whalen, P.J., Lindley, NeMoyer and Troutman, JJ.