# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

437
CA 15-01584
PRESENT: WHALEN, P.J., LINDLEY, NEMOYER, AND TROUTMAN, JJ.

---

SHMUEL SHMUELI, PLAINTIFF-APPELLANT,

V                                      MEMORANDUM AND ORDER

WHITESTAR DEVELOPMENT CORP.,
DEFENDANT-RESPONDENT.

---

OFECK & HEINZE, LLP, HACKENSACK (MARK F. HEINZE OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

LAW OFFICE OF RALPH C. LORIGO, WEST SENECA (FRANK JACOBSON OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County
(Timothy J. Walker, A.J.), entered June 12, 2015. The order granted
the motion of defendant for a directed verdict.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff appeals from an order granting defendant's
motion for a directed verdict at the close of plaintiff's proof
pursuant to CPLR 4401 and dismissing plaintiff's sole cause of action
alleging a breach of the implied covenant of good faith and fair
dealing. We affirm. A plaintiff seeking to prevail on a cause of
action for breach of the implied covenant of good faith and fair
dealing must prove that he or she sustained actual damages as a
natural and probable consequence of the breach (*see RXR WWP Owner LLC
v WWP Sponsor, LLC*, 132 AD3d 467, 468; *see generally Kenford Co. v
County of Erie*, 73 NY2d 312, 319; *Village of Kiryas Joel v County of
Orange*, 144 AD3d 895, 896). Contrary to plaintiff's contention, he
failed at trial to present nonspeculative evidence of his alleged
damages (*see Friedman v Miale*, 69 AD3d 789, 791, *lv denied* 16 NY3d
706; *see generally Lloyd v Town of Wheatfield*, 67 NY2d 809, 810). We
thus conclude that the court properly granted defendant's motion for a
directed verdict because, upon the evidence presented, there was no
rational process by which the trier of fact could find in plaintiff's
favor (*cf. Family Operating Corp. v Young Cab Corp.*, 129 AD3d 1016,
1017-1018; *see generally Szczerbiak v Pilat*, 90 NY2d 553, 556).

Entered:  March 31, 2017                    Frances E. Cafarell
                                            Clerk of the Court