Joshua Harris, Doing Business as Joshua's Realty, Appellant, 


v

Ronald Clancy, Respondent.



Joshua Harris, appellant pro se.
Richard Osofsky, Esq., for respondent (no brief filed).

Appeal from a decision of the City Court of Poughkeepsie, Dutchess County (Katherine A. Moloney, J.), dated September 26, 2014, deemed from a judgment of the same court entered September 29, 2014 (see CPLR 5512 [a]). The judgment, after a nonjury trial, dismissed the complaint.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the City Court for the entry of a judgment in favor of plaintiff, following a new trial limited to a determination of the amount to be awarded plaintiff in accordance with this decision.
Plaintiff, a licensed real estate broker, seeks to recover the principal sum of $14,100 as his commission for real estate brokerage services that he rendered in connection with defendant's sale of property. On a prior appeal, this court reversed a judgment entered in favor of defendant dismissing the complaint following the original trial, finding that plaintiff had demonstrated a prima facie entitlement to an award of a commission, and remitted the matter to the City Court for a new trial to determine whether plaintiff had acquiesced in defendant's insistence on the nonpayment of a commission as a condition of the sale, and, in the event that he had not, to determine the amount of the commission to which plaintiff was entitled (Harris v Clancy, 42 Misc 3d 136[A], 2014 NY Slip Op 50124[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]). Following a second trial, the City Court again dismissed the complaint, finding that defendant had made the nonpayment of a commission a condition of the sale and that plaintiff had [*2]acquiesced in the condition.
Our power to review the evidence following a determination made after a nonjury trial is as broad as that of the trial court, and we may render a judgment we find warranted by the facts, bearing in mind that the trial court had the opportunity to see and hear the witnesses (see Superior Vending Servs., Inc. v Workmen's Circle Home & Infirmary Found. for the Aged, NY State Branches, Inc., 148 AD3d 960, 961 [2017]), and that deference is owed to the trial court's credibility determinations (see Melville Capital, LLC v Gugick, 144 AD3d 999, 1000 [2016]; see also Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]). On that basis, we leave undisturbed the City Court's finding, in effect, that defendant had insisted upon, and plaintiff had acquiesced in, defendant's nonpayment to plaintiff of a monetary commission calculated as a percentage of the sales price or based on a particular dollar amount. 
However, contrary to the City Court's findings, both parties testified that, at least as partial compensation for plaintiff's brokerage services, defendant, who performs backhoe work, would dig a trench on plaintiff's property. Defendant testified as to his "approximate" charges for using the backhoe, in addition to his hourly charges, and opined that plaintiff required approximately a 100-foot trench, which would take him four to five hours to dig. Plaintiff stated that he required, at a minimum, a 200-foot trench. Thus, the amount and the value of the work that defendant was required to perform for plaintiff in exchange for plaintiff's brokerage services was not resolved at trial. Since the parties were in agreement that defendant was at least to provide plaintiff with valuable services to compensate plaintiff for his brokerage services, and that defendant had not provided such services, to the extent that the City Court found that plaintiff had entirely waived his right to compensation for his brokerage services, we conclude that the judgment is not supported by the evidence, and that a new trial is required, limited to a determination of the value of the backhoe services that defendant was to provide to plaintiff in compensation for his brokerage work.
Accordingly, the judgment is reversed and the matter is remitted to the City Court for the entry of a judgment in favor of plaintiff, following a new trial limited to a determination of the amount to be awarded plaintiff.
MARANO, P.J., TOLBERT and BRANDS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 16, 2017