16-3188
*Sec. Plans, Inc. v. CUNA Mut. Ins. Soc'y*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007 is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 1st day of March, two thousand eighteen.

Present:   ROBERT A. KATZMANN,
                     *Chief Judge*,
           ROBERT D. SACK,
           CHRISTOPHER F. DRONEY,
                     *Circuit Judges*.

_____

SECURITY PLANS, INC., FKA CREDITOR
SERVICES, INC.,

                     *Plaintiff-Appellant*,
           v.                                         No. 16-3188

CUNA MUTUAL INSURANCE SOCIETY,

                     *Defendant-Appellee*.

_____

For Plaintiff-Appellant:        Jerauld E. Brydges and John P. Bringewatt, Harter Secrest &
                                Emery LLP, Rochester, NY.

For Defendant-Appellee:         Jeffrey A. Mandell and Edwin J. Hughes, Stafford Rosenbaum
                                LLP, Madison, WI; Jeffrey J. Harradine, Ward Greenberg
                                Heller & Reidy LLP, Rochester, NY.

Appeal from the United States District Court for the Western District of New York (Larimer, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Security Plans, Inc. ("SPI") appeals from a judgment of the United States District Court for the Western District of New York (Larimer, *J.*) entered August 17, 2016, dismissing its claim for breach of the implied covenant of good faith and fair dealing against Defendant-Appellee CUNA Mutual Insurance Society ("CUNA"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In 2003, SPI sold its assets, including its credit insurance business, to CUNA. An asset purchase agreement ("the Agreement") set forth the terms of the sale. In accordance with the Agreement, the three shareholders of SPI agreed to assist CUNA for a three-year term in retaining former SPI clients as CUNA clients. To incentivize SPI's assistance in transitioning those clients to CUNA, the parties included an "Earn Out" provision in the Agreement. Under the Earn Out provision, SPI was entitled to, in addition to the sale price, a payment based on the post-sale profitability of the business. The amount of the Earn Out was to be determined primarily by two variables: a weighted average of the total written premiums converted from SPI to CUNA and a weighted average of the combined loss ratios for the relevant policies. The resulting Earn Out figure was then to be reduced by administrative service fees and by "experience refunds" exceeding certain levels. When CUNA finalized its Earn Out calculations in 2006, it determined that it was not obligated to pay an Earn Out to SPI, because deductions for

service fees and experience refunds eliminated any Earn Out to which SPI otherwise would have been entitled.

SPI sued for breach of contract and breach of the implied covenant of good faith and fair dealing, alleging that CUNA improperly calculated the Earn Out. Specifically, SPI alleged that CUNA: (1) set its claim reserves unreasonably high, thus inflating the loss ratio; (2) improperly calculated the administrative service fees; and (3) incorrectly calculated the experience refunds. The district court granted partial summary judgment to CUNA with respect to the loss ratio issue and the service fees issue, but concluded that there was a genuine dispute of material fact as to the experience refunds issue.

In January 2013, two months after the district court's summary judgment decision, SPI filed a letter with the district court indicating that the experience refunds issue was "moot." App. at 153. In support of this contention, SPI pointed to CUNA's asserted Earn Out calculation and noted that even if SPI prevailed on the experience refunds issue, it would not be entitled to a "positive earn-out figure," *id.*, and thus would be unable to prove damages. SPI thus requested that the district court "amend its decision to dismiss the case in its entirety," and noted that CUNA had no objection. *Id.* at 154. The district court subsequently dismissed the case in its entirety.

SPI then appealed the aspects of the district court's summary judgment decision that were unfavorable to SPI. In 2014, this Court affirmed the district court's decision with respect to the administrative service fees. *See Sec. Plans, Inc. v. CUNA Mut. Ins. Soc'y*, 769 F.3d 807, 815–17 (2d Cir. 2014). With respect to the loss ratio issue, we concluded that there was a triable issue as to whether CUNA's handling of its claim reserves constituted a breach of the implied covenant of good faith and fair dealing, and remanded that claim to the district court for resolution. *See id.*

at 817–21. As to the experience refunds issue, we noted that SPI "contested the legal basis for the experience refunds deductions in the district court, but that argument is not a subject of this appeal."[1] *Id.* at 814 n.4.

On remand, SPI argued that the experience refunds issue (on which the district court had initially found a genuine dispute of material fact) remained unresolved. The district court disagreed, concluding that SPI had voluntarily dismissed with prejudice that aspect of the case in order to pursue an appeal of other aspects of the district court's summary judgment ruling. Subsequently, CUNA moved to dismiss the entire action as "moot," arguing that SPI could not prove any damages because the district court's refusal to consider the experience refunds issue precluded SPI from demonstrating a positive Earn Out calculation. App. at 204–05, 210–11. The district court granted CUNA's motion and dismissed the case in its entirety. SPI appeals from that order and subsequent judgment.

SPI argues that the district court erred in holding that the experience refunds issue was no longer part of the case following remand. According to SPI, that issue had been rendered "moot" by the district court's summary judgment decision but it ceased to be "moot" when this court reinstated the claims reserve issue. Appellant Br. at 17. Although SPI is correct in that, as pled, the experience refunds issue and the loss ratio issue are interdependent, we find no error in the district court's judgment.

Two clarifications are in order. The first relates to the relationship between the factual issues and SPI's two causes of action, breach of contract and breach of the implied covenant of good faith and fair dealing. As pled, the experience refunds issue was not a freestanding claim, but rather a component of SPI's two separate claims. When the district court held that SPI had failed to

---

[1] This Court affirmed the district court's grant of summary judgment on the breach of contract claim, *id.* at 810, and that claim is not before us.

raise a genuine issue of material fact on the loss ratio and service fees issues, an Earn Out damages award on both SPI's breach of contract claim and its breach of the implied covenant of good faith and fair dealing claim was rendered mathematically impossible, even if SPI ultimately prevailed on the experience refunds issue.

Second, a clarification regarding terminology: "A case becomes moot when it no longer satisfies the 'case-or-controversy' requirement of Article III, Section 2 of the Constitution," which is to say, when the injury alleged cannot be "redressed by a favorable judicial decision." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 51 (2d Cir. 2004). By contrast, when a factual dispute will not "affect the outcome of the suit under the governing law," it is immaterial. *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 579 (2d Cir. 2006) (internal quotation marks omitted). In short, cases are "mooted," whereas factual issues become "immaterial."

SPI's 2013 letter claiming that the experience refunds issue was "moot," App. at 153, conflated mootness and materiality. SPI did not assert that the parties had ceased to have a live controversy capable of judicial redress. To the contrary, no Earn Out had been paid, SPI continued to maintain that it was entitled to one, and a favorable verdict following a successful appeal could have made SPI whole. Instead, because a positive Earn Out figure was no longer feasible and SPI could not show that it was entitled to damages, the precise value of the experience refunds was *immaterial* notwithstanding the genuine factual dispute on that issue. [2] This might be mootness in the colloquial sense of the word, but it is not Article III mootness and it did not deprive the district court of jurisdiction. *See Novella v. Westchester Cty.*, 661 F.3d 128,

---

[2] Under New York law, proof of damages is an element of both breach of contract and breach of the implied covenant of good faith and fair dealing claims. *JP Morgan Chase v. J.H. Elec. of N.Y., Inc.*, 893 N.Y.S.2d 237, 239 (2d Dep't 2010) (breach of contract); *RXR WWP Owner LLC v. WWP Sponsor, LLC*, 17 N.Y.S.3d 698, 700 (1st Dep't 2015) (breach of the implied covenant of good faith and fair dealing).

149 (2d Cir. 2011) (distinguishing between mootness of an *issue* and mootness of a *case* and recognizing that issues do not become moot "within the meaning of Article III").

Because there continued to be a live controversy between the parties regarding the Earn Out, there was no basis to dismiss for lack of jurisdiction. Accordingly, instead of asking the district court to "dismiss the case in its entirety," App. at 154, the proper relief in 2013 would have been requesting that the district court amend its order to enter judgment in favor of CUNA because the district court's ruling precluded SPI from prevailing on either cause of action. But SPI requested dismissal. And, irrespective of whether this request was strategically motivated, it had practical consequences: most importantly, it neutralized any incentive CUNA might have had to cross-appeal the district court's holding that a material factual dispute existed regarding the experience refunds. In short, having received the relief that it requested, SPI cannot now argue that the district court erred by precluding SPI from presenting evidence on a dismissed factual issue.

SPI's second argument is that the district court erred by denying SPI's motion for relief from judgment. In short, SPI claims that it is entitled to relief under Rule 60(b)(6) because it was "obligated to inform the Court that its claim had been rendered moot" and was not acting strategically. Appellant Br. at 32–33 (emphasis omitted). But, as explained above, SPI's claim was not moot; instead, SPI abandoned the experience refunds issue when it asked the district court to "dismiss the case in its entirety." App. at 154. Assuming this request was not strategically motivated, it was a mistake. Under Federal Rule of Civil Procedure 60(b) "mistake, inadvertence, surprise, or excusable neglect" are governed by subsection (b)(1). Fed. R. Civ. P. 60(b)(1). By contrast, subsection (b)(6), which SPI invokes, is a catch-all provision for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6), and is reserved for "extraordinary

6

circumstances," *see Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (internal quotation marks omitted). As we have previously explained, "Rule 60(b)(1) and Rule 60(b)(6) are mutually exclusive, such that any conduct which generally falls under the former cannot stand as a ground for relief under the latter." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation marks omitted). Accordingly, where, as here, "a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed." *Id.* In light of this clearly established law, the district court did not abuse its discretion in denying SPI's Rule 60(b)(6) motion.

We have considered all of SPI's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk