Nanomedicon, LLC v Research Found. of State Univ. of N.Y. (2018 NY Slip Op 02173)





Nanomedicon, LLC v Research Found. of State Univ. of N.Y.


2018 NY Slip Op 02173


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2015-11758
 (Index No. 36815/10)

[*1]Nanomedicon, LLC, appellant, 
v
Research Foundation of State University of New York, et al., respondents; et al., additional counterclaim defendants.


Drinker Biddle & Reath LLP, New York, NY (Richard J.L. Lomuscio of counsel), for appellant.
Scully, Scott, Murphy & Presser, P.C., Garden City, NY (Peter I. Bernstein and Adam M. DeRosa of counsel), for respondent Research Foundation of State University of New York.
Sinnreich Kosakoff & Messina LLP, Central Islip, NY (Jonathan Sinnreich and Lisa A. Perillo of counsel), for respondent Pelagia-Irene Gouma.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated October 16, 2015, as granted the motion of the defendant Research Foundation of State University of New York for summary judgment dismissing the fourth cause of action insofar as asserted against it, granted the motion of the defendant Pelagia-Irene Gouma for summary judgment dismissing the complaint insofar as asserted against her, and denied both of its separate motions for leave to amend the complaint.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
This appeal centers around an invention of the defendant Pelagia-Irene Gouma, a faculty member of the State University of New York (hereinafter SUNY) at Stony Brook. Pursuant to 8 NYCRR 335.28, which sets forth SUNY's patents and inventions policy, SUNY owned the invention at issue on this appeal. The invention was the subject of three written agreements executed by the Research Foundation of State University of New York (hereinafter the Research Foundation), on SUNY's behalf, and Medicon, Inc. (hereinafter Medicon). A confidentiality agreement, dated October 9, 2006, provided, inter alia, that the Research Foundation and Medicon would not disclose any information exchanged regarding the invention to third parties for a period of three years from the date of the agreement. Pursuant to a research agreement dated March 15, 2007, Medicon agreed to sponsor a project supervised by Gouma to develop a marketable prototype of the invention. Finally, on November 15, 2007, the Research Foundation and Medicon entered into a licensing agreement pursuant to which Medicon was granted an exclusive option to a royalty-bearing, limited license to the invention. The licensing agreement set forth, inter alia, that in exchange for the option, Medicon was required to obtain general liability insurance naming the Research Foundation as an additional insured. The licensing agreement also provided that the Research Foundation could terminate the agreement if Medicon committed a material breach of the agreement, and failed to cure that breach within 60 days of receiving written notice thereof. In February 2009, with the Research [*2]Foundation's consent, Medicon transferred its interests in the three agreements to the plaintiff.
In June 2010, the Research Foundation notified the plaintiff that it had breached the licensing agreement, inter alia, by failing to procure the mandated insurance. In September 2010, the Research Foundation notified the plaintiff that it was terminating the licensing agreement due to the plaintiff's failure to procure the mandated insurance within the 60-day cure period. In October 2010, the plaintiff commenced this action against the Research Foundation and Gouma. The first, second, third, and fifth causes of action sought compensatory damages and equitable relief against the Research Foundation for its alleged breach of the licensing agreement. The fourth cause of action, asserted against both the Research Foundation and Gouma, was to recover damages for breach of the confidentiality agreement and the research agreement. The sixth cause of action alleged that Gouma had tortiously interfered with the licensing agreement.
In an order dated March 8, 2012, the Supreme Court denied those branches of the Research Foundation's motion which were for summary judgment dismissing the first, second, third, and fifth causes of action. On appeal, this Court reversed that order insofar as appealed from, and granted those branches of the Research Foundation's motion (see Nanomedicon, LLC v Research Found. of State Univ. of N.Y., 112 AD3d 593). This Court found that in light of the fact that the plaintiff had committed a material breach of the licensing agreement, the Research Foundation was entitled to dismissal of those causes of action which included allegations that the Research Foundation had breached the licensing agreement (see id. at 594).
The Research Foundation then moved for summary judgment dismissing the fourth cause of action insofar as asserted against it, Gouma moved for summary judgment dismissing the complaint insofar as asserted against her, and the plaintiff moved for leave to amend the complaint. While these motions were pending, the plaintiff retained new counsel and made a second motion for leave to amend the complaint. In an order dated November 2, 2015, the Supreme Court, inter alia, granted the Research Foundation's motion for summary judgment dismissing the fourth cause of action insofar as asserted against it, granted Gouma's motion for summary judgment dismissing the complaint insofar as asserted against her, and denied the plaintiff's motions for leave to amend the complaint. The plaintiff appeals.
The Research Foundation demonstrated its prima facie entitlement to judgment as a matter of law dismissing the fourth cause of action insofar as asserted against it (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). That cause of action seeks to recover damages for the loss of the right to develop and commercialize Gouma's invention and receive the royalties derived therefrom based on an alleged breach of the confidentiality agreement and the research agreement. However, the Research Foundation demonstrated that since that right was granted in the licensing agreement, and the licensing agreement was terminated due to the plaintiff's breach, such damages are not recoverable (see RXR WWP Owner LLC v WWP Sponsor, LLC, 145 AD3d 494, 495). In opposition, the plaintiff failed to raise a triable issue of fact.
Gouma demonstrated her prima facie entitlement to judgment as a matter of law dismissing the fourth cause of action, for breach of the confidentiality agreement and the research agreement, insofar as asserted against her (see Alvarez v Prospect Hosp., 68 NY2d at 324), by establishing that she was not a party to either agreement (see STL Rest. Corp. v Microcosmic, Inc., 150 AD3d 786, 787; Simplex Grinnell v Ultimate Realty, LLC, 38 AD3d 600, 600; M. Paladino, Inc. v Lucchese & Son Contr. Corp., 247 AD2d 515, 516). In opposition, the plaintiff failed to raise a triable issue of fact.
Gouma demonstrated her prima facie entitlement to judgment as a matter of law dismissing the sixth cause of action, which alleged that she tortiously interfered with the licensing agreement (see Alvarez v Prospect Hosp., 68 NY2d at 324). An essential element of a cause of action alleging tortious interference with contract is the defendant's intentional procurement of a third party's breach of that contract without justification (see Tri-Star Light. Corp. v Goldstein, 151 AD3d 1102, 1106; Nagan Const., Inc. v Monsignor McClancy Mem. High Sch., 117 AD3d 1005, 1006). Gouma established that she could not have procured the Research Foundation's alleged breach of the licensing agreement as the plaintiff's actions caused the termination of the licensing agreement. In opposition, the plaintiff failed to raise a triable issue of fact.
The Supreme Court providently exercised its discretion in denying the plaintiff's motions for leave to amend the complaint since the proposed amendments were patently devoid of merit (see Dorce v Gluck, 140 AD3d 1111, 1112-1113; Westchester County Corr. Superior Officers Assn. v County of Westchester, 132 AD3d 663, 664).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., COHEN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court