Westchester County Corr. Officers Benevolent Assn., Inc. v County of Westchester (2021 NY Slip Op 04734)





Westchester County Corr. Officers Benevolent Assn., Inc. v County of Westchester


2021 NY Slip Op 04734


Decided on August 18, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-05156
 (Index No. 26982/10)

[*1]Westchester County Correction Officers Benevolent Association, Inc., et al., appellants, 
v
County of Westchester, et al., respondents.


Roth Law Group, PLLC, White Plains, NY (Warren J. Roth of counsel), for appellants.
John M. Nonna, County Attorney, White Plains, NY (Linda Trentacoste and Justin R. Adin of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), entered April 5, 2018. The order granted the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint and denied the plaintiffs' cross motion pursuant to CPLR 3025(b) for leave to amend the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action to recover damages for breach of a collective bargaining agreement (hereinafter CBA) based on the defendants' failure to pay certain benefits to the individual plaintiffs. The plaintiffs contend that any correction officer who has been receiving disability benefits pursuant to General Municipal Law § 207-c and who then receives a disability retirement pension upon the County of Westchester's application is entitled, upon retirement, to benefits equivalent to those provided by the Workers' Compensation Law for loss of earning capacity due to permanent total or partial disability. The plaintiffs admit in the complaint that the CBA is silent as to awards for permanent total or partial disability. The defendants contend, inter alia, that, since the CBA is silent as to such awards, correction officers are not entitled, upon retirement, to benefits equivalent to those provided by the Workers' Compensation Law for loss of earning capacity due to permanent total or partial disability. The defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint, and the plaintiffs cross-moved pursuant to CPLR 3025(b) for leave to amend the complaint. The Supreme Court granted the motion and denied the cross motion, and the plaintiffs appeal.
"When a party moves to dismiss a complaint pursuant to CPLR 3211(a)(7), the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action" (Sokol v Leader, 74 AD3d 1180, 1180-1181; see Guggenheimer v Ginzburg, 43 NY2d 268, 275). "In considering such a motion, the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Sokol v Leader, 74 AD3d at 1181 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88).
Here, the plaintiffs have failed to identify a specific provision in the CBA that requires the defendants to pay benefits equivalent to those provided by the Workers' Compensation [*2]Law for loss of earning capacity due to permanent total or partial disability (see Westchester County Corr. Superior Officers Assn. v County of Westchester, 132 AD3d 663; Westchester County Corr. Officers Benevolent Assn., Inc. v County of Westchester, 99 AD3d 998; see also Westchester County Corr. Officers Benevolent Assn., Inc. v County of Westchester, 99 AD3d 1000; cf. Trump on Ocean, LLC v State of New York, 79 AD3d 1325). Therefore, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
"Applications for leave to amend pleadings under CPLR 3025(b) should be freely granted unless the proposed amendment (1) would unfairly prejudice or surprise the opposing party, or (2) is palpably insufficient or patently devoid of merit" (Maldonado v Newport Gardens, Inc., 91 AD3d 731, 731-732). "No evidentiary showing of merit is required under CPLR 3025(b)" (Lucido v Mancuso, 49 AD3d 220, 229). "The court need only determine whether the proposed amendment is 'palpably insufficient' to state a cause of action or defense, or is patently devoid of merit" (id.).
Here, the CBA is silent as to retirement benefits (see Westchester County Corr. Superior Officers Assn. v County of Westchester, 132 AD3d 663; Westchester County Corr. Officers Benevolent Assn., Inc. v County of Westchester, 99 AD3d 998). Therefore, contrary to the plaintiffs' contention, based upon the unambiguous terms of the CBA, there is no provision for retirement benefits equivalent to those provided by the Workers' Compensation Law for loss of earning capacity due to permanent total or partial disability. Accordingly, the Supreme Court properly denied the plaintiffs' cross motion pursuant to CPLR 3025(b) for leave to amend the complaint.
DILLON, J.P., CONNOLLY, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court